UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                              :

CHARLES T. HOLDEN,                   :
                              :

                 Plaintiff,       :
                              :         25-CV-07197 (JAV)
      -v-                       :
                              :           ORDER

EMTC WARDEN, et al.,         :
                              :

                Defendants.    :
                              :
---------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff brings this action *pro se*, asserting claims that arose in July 2025, when he was at the Eric M. Taylor Center (EMTC) in the custody of the New York City Department of Correction (DOC).[1]  On January 14, 2026, Plaintiff moved for leave to file a supplemental complaint under Rule 15(d) of the Federal Rules of Civil Procedure.  The proposed supplement, ECF No. 9, includes both (1) claims arising at EMTC in September and October 2025, against defendants already named in the original complaint, and (2) claims arising at West Facility on Rikers Island, against unidentified West Facility Officers.

Rule 15(d) provides that "the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  "On a FRCP 15(d) motion to supplement, 'the threshold consideration . . . is whether the supplemental facts connect the supplemental pleading to the original pleading.'"  *Lubavitch of Old Westbury, Inc. v. Vill. of Old Westbury*,

---

[1] By order dated September 19, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.  Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

No. 08-CV-5081 (DRH) (ARL), 2021 WL 4472852, at *16 (E.D.N.Y. Sep. 30, 2021) (citing *In re Elysium Health-ChromaDex Litig.*, 2021 WL 194994, at *4 (S.D.N.Y. Jan. 19, 2021)). Plaintiff's claims arising at EMTC in September and October 2025, are brought against existing defendants in this action.  These new EMTC claims, brought under 42 U.S.C. § 1983, are for allegedly unconstitutional strip searches, in violation of the Fourth Amendment, and involve the same type of conduct forming the basis for the claims in the original complaint.  A supplemental complaint under Rule 15(d) therefore appears proper as to these parties and claims.

The proposed supplement also includes claims arising at West Facility on Rikers Island, against the West Facility Warden, and unidentified West Facility medical staff and officers. Plaintiff includes, among other things, claims about a four-day delay in medical care, and claims about the cold temperatures and the food, bedding, and clothes at West Facility.  Plaintiff's claims arising at West Facility involve new and different defendants and do not relate to the original pleading.

Accordingly, the Court grants Plaintiff's motion to file a Rule 15(d) supplement to his original complaint as to the claims arising at EMTC against the same defendants named in his original complaint.  The Court denies Plaintiff's motion to file, as a Rule 15(d) supplement, the new claims arising at West Facility against new defendants.  The Court therefore severs the claims arising at West Facility against defendants at West Facility and directs the Clerk of Court to open a new action with these claims.

## CONCLUSION

Plaintiff's motion to file a Rule 15(d) supplement to his original complaint (ECF 9) is granted as to the claims arising at West Facility against the same defendants already named in his original complaint.  The Clerk of Court is directed to terminate the motion, and to file a copy of

2

the proposed supplement, ECF No. 9 at 2-4, in this action as a supplemental complaint brought only against the existing defendants.

The motion is denied as to the new claims arising at West Facility against new defendants. The Court therefore severs the claims arising at West Facility and directs the Clerk of Court: (1) to open a new action with the supplement, ECF No. 9 at 2-4, as the complaint, naming Defendants West Facility Warden, West Facility Intake Officers John Does #3 and #4, and "West Facility Medical Staff;" and (2) to docket a copy of this order in that action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to terminate ECF No. 9.

SO ORDERED.

Dated: April 15, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3