UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES T HOLDEN,

Plaintiff,

-against-

WEST FACILITY WARDEN, JOHN DOES #3
AND #4, WEST FACILITY MEDICAL STAFF,

Defendants.

26-CV-3199 (LTS)

ORDER DIRECTING
PAYMENT OF FEE OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

On April 15, 2026, Plaintiff, who is proceeding *pro se,* initially raised claims in this action in *Holden v. EMTC Warden*, No. 25-CV-7197 (JAV) ("*EMTC Warden*"). The *EMTC Warden* court severed the claims and directed the Clerk of Court to open a new civil action. *EMTC Warden*, No. 25-CV-7197 (JAV), ECF 15 (S.D.N.Y. Apr. 15, 2026).

## DISCUSSION

### A.    Address

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number." Fed. R. Civ. P. 11(a). Upon opening this new action, the Clerk's Office docketed the court's March 18, 2024 Standing Order, directing all self-represented litigants to inform the court of each change of address or electronic contact information. *See In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) (ECF 3, "Standing Order").

Here, it appears that Plaintiff has not complied with Rule 11 and the Standing Order in this action. On April 21, 2026, the Court mailed the April 15, 2026 Order in *EMTC Warden* and

the Standing Order in this action to Plaintiff; thus, Plaintiff received notice that this new action had been opened and of his obligation to keep his contact information current in this action. Then, in this action, by order dated April 24, 2026, the Court directed Plaintiff to pay the fees or seek leave to proceed *in forma pauperis* ("IFP") in this action. (ECF 4, "Deficiency Order".) The Deficiency Order was mailed to the same address as the Standing Order, but the Deficiency Order was returned to the Court.

The Court notes that Plaintiff's address in *EMTC Warden* differs from the address in this action. In his letter to the *EMTC Warden* court, received on April 24, 2026, Plaintiff notified the Court that his address is: Samarita Village Ellenville, 751 Briggs Hwy, Ellenville, NY 12428. (No. 25-CV-7197 (JAV), ECF 17.) Plaintiff also acknowledged his obligation to keep his address updated. (*Id.*) ("I understand I must keep the [C]ourt up to date as to my current location.")

The Court reminds Plaintiff that this obligation applies in this action, too. Plaintiff—not the Court—is responsible for updating the Court of any changes. The Court directs Plaintiff to confirm that his current address is 751 Briggs Hwy, Ellenville, NY 12428. The Court also directs Plaintiff to notify the Court of any further changes to his address as Rule 11 of the Federal Rules of Civil Procedure and the Standing Order require, warning Plaintiff that further failure to do so may result in dismissal without prejudice.

**B.    Fee or IFP Application**

Plaintiff must pay the fees for this new action or seek IFP status because the severed claims were opened as a new action. *See, e.g.*, *Abreu v. Brown*, No. 18-CV-1634 (CM), 2018 WL 10125142, at *1 (S.D.N.Y. Mar. 16, 2018) (holding severed claims constitute a new action requiring plaintiff to pay the fees or submit an IFP application); *Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250, 2001 WL 460928 (S.D.N.Y. 2001) (holding that "severed claims become entirely independent actions to be tried, and judgment entered thereon,

independently") (internal citation omitted). To proceed with this new civil action, Plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or request authorization to proceed IFP, that is, without prepayment of fees, by submitting a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an IFP application labeled with docket number 26-CV-3199 that provides facts to establish that he is unable to pay the filing fees. If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summonses shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

## CONCLUSION

The Clerk of Court is directed to send this order to Plaintiff at the following address: Samarita Village Ellenville, 751 Briggs Hwy, Ellenville, NY 12428.

The Court directs Plaintiff, within 30 days of the date of this order, to confirm, in writing, that Samarita Village Ellenville, 751 Briggs Hwy, Ellenville, NY 12428 is his current address.

The Court further directs Plaintiff, within 30 days of the date of this order, to either pay $405.00 in fees, or complete, sign, and submit the attached IFP application.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

3

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 1, 2026
          New York, New York

_____
/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge